Shiree SEEDS; Carol Pavian; John Seeds, Plaintiffs–Appellees,

v.

**ERA ALASKA, a partnership of Era Aviation, Inc., Frontier Flying Service, Inc., Hageland Aviation Services, Inc.; Nicholas L. Stone, Defendants,**

v.

Hageland Aviation Services, Inc., Defendant–third–party–plaintiff–Appellant,

v.

State of Alaska, Department of Transportation, Third-party-defendant.

No. 13–36113.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2015.

Filed June 11, 2015.

Marc W. June, Esquire, Law Offices of Marc June, Anchorage, AK, for Plaintiff–Appellee.

Robert L. Richmond, Marc G. Wilhelm, Richmond & Quinn, Chester D. Gilmore, Cashion Gilmore, LLC, Anchorage, AK, for Defendant.

Robert L. Richmond, Marc G. Wilhelm, for Defendant–Third–Party–Plaintiff–Appellant.

Aisha Tinker Bray, Fairbanks, AK, Third–Party–Defendant.

Before: CANBY, BYBEE, and WATFORD, Circuit Judges.

MEMORANDUM *

* This disposition is not appropriate for publication and is not precedent except as provided

Hageland Aviation Services, Inc. appeals the district court's decision remanding the case to state court for lack of federal subject matter jurisdiction. A district court's remand order is reviewable on appeal only if the case "was removed pursuant to [28 U.S.C.] section 1442 or 1443." 28 U.S.C. § 1447(d). Here, however, the notice of removal sought removal of the case under 28 U.S.C. § 1441. Although Hageland's opposition to the motion to remand did raise federal officer removal jurisdiction under 28 U.S.C. § 1442(a)(1) as an additional ground for removal, its attempt to do so was untimely because more than 30 days had passed since Hageland was served with the complaint. *See ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1117 (9th Cir.2000) ("The Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after [28 U.S.C. § 1446(b)'s] thirty day period.'") (quoting *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir.1988)). Accordingly, the appeal is

**DISMISSED.**[1]

---

by 9th Cir. R. 36–3.

1. Appellees' Motion for Judicial Notice of Jurisdictional Fact, filed July 17, 2014, is DENIED AS MOOT.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.